IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISON

| | |
|---|---|
| LAURA LOVE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | JURY TRIAL DEMANDED |
| ) | |
| MILLER STARK KLEIN ) | |
| & ASSOCIATES, ) | |
| ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

NOW COMES the Plaintiff, Laura Love, by and through undersigned counsel, and for his complaint against the Defendant, Miller Stark Klein & Associates, Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### II. JURISDICTION & VENUE

2. Jurisdiction arises under 15 U.S.C. § 1692 and pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this District in that Plaintiff resides here, Defendant transacts business here, and the conduct complained of occurred here.

### III. PARTIES

4. Laura Love ("Plaintiff") is a natural person who resides in Liberty, MO.

5. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

6. Miller Stark Klein & Associates (MSK) is a business entity engaged in the collection of consumer debt within the State of Missouri.

7. MSK is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6) in that its primary purpose is to collect debt.

## IV.     ALLEGATIONS

8. The debt allegedly owed by Plaintiff, namely a Sprint account ("the debt"), was incurred primarily for personal, family, or household services and is therefore a "debt" as the term is defined by the FDCPA, 15. U.S.C. § 1692a(5).

9. On or about June 7, 2018, Plaintiff received a phone call from an employee of MSK.

10. During the course of this conversation, MSK attempted to collect the debt.

11. During this conversation, Plaintiff pointed out to MSK that this debt was not on her credit report, and that therefore, MSK could not collect on it.

12. To this assertion, MSK responded that the reason the debt wasn't on her credit report was so that they could attain a "judgment" against her.

13. 15 U.S.C. § 1692e proscribes any "false, deceptive, or misleading representations or means in connection with the debt collection."

14. This communication by MSK violated 15 U.S.C. § 1692e, in that MSK made false, deceptive, and misleading representation in connection to the collection of the debt. Specifically, MSK represented that the reason the debt was not on Plaintiff's credit report was so that they could attain a "judgment." This representation was false, deceptive, and misleading, because it isn't necessary

to remove a tradeline from a debtor's credit report in order to pursue a judgment. This representation was made in connection with the debt to induce the Plaintiff to paying MSK.

15. Additionally, as this June 7, 2018 call was the first communication with Plaintiff, MSK's communications with Plaintiff also violated 15 U.S.C. § 1692g.

16. 15 U.S.C. § 1692g(a) requires that debt collectors must send consumers a "Notice of Debt" within five days of the initial communication, containing specific criteria, including notice that Plaintiff has a right to dispute the debt.

17. MSK did not send Plaintiff a thirty-day validation notice within the prescribed five-days of their initial communication with Plaintiff.

18. These collection actions constitute a violation by CCS of 15 U.S.C. § 1692g in that MSK failed to provide Plaintiff with a "Notice of Debt" within the prescribed five-day window of the initial communication.

19. During the June 7th conversation, Plaintiff also provided MSK notice that she had retained legal counsel regarding the debt and all future contacts would have to be through her attorney.

20. On or about June 22, Plaintiff was again directly contacted by MSK through telephone despite MSK having notice that Plaintiff was represented by counsel.

21. This communication by MSK violates 15 U.S.C. § 1692c(a)(2), in that MSK contacted the plaintiff after receiving unequivocal notice that she was represented by an attorney.

22. Finally, near the end of the June 7 conversation, when Plaintiff pressed MSK on the validity of the debt due to its age, the MSK employee angerly insulted Plaintiff by calling her a "fraud." At that the MSK employee hung up the phone.

23. 15 U.S.C. § 1692d(2) proscribes the use of profane language or abusive language.

24. By insulting and belittling Plaintiff by calling her a Fraud, MSK has acted in violation of 15 U.S.C. § 1692d(2).

## V. JURY DEMAND

25. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Laura Love, respectfully prays for judgment as follows:

    a.    All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1) from MSK and for Plaintiff;

    b.    Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) from MSK and for Plaintiff;

    c.    Plaintiff's attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from MSK and for Plaintiff;

    d.    Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,

**CREDIT LAW CENTER**

**By: /s/ Anthony Hernandez**
Anthony Hernandez #69129
4041 NE Lakewood Way, Suite 200
Lee's Summit, MO 64064
Telephone: 816-2820422
Facsimile: 855-523-6884
anthonyh@creditlawcenter.com
**Attorney for Plaintiff**